UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

JOSEPH MALATAMBAN RAAB,

    Plaintiff,    Case No. 2:19-cv-241

v.            Honorable Paul L. Maloney

JAMES MCLEOD et al.,

    Defendants.
_____/

# OPINION

    This is a civil rights action brought by a person detained in the Chippewa County Jail under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

    Plaintiff is presently detained in the Chippewa County Jail. Plaintiff is suing the law enforcement officer, Defendant McLeod, who participated in procuring a search warrant issued by Defendant Blubaugh. Plaintiff contends that the warrant played a role in his wrongful arrest and wrongful detention.

This lawsuit is entirely duplicative of a lawsuit Plaintiff filed against these same Defendants on June 3, 2019. *Raab v. McLeod et al.*, No. 2:19-cv-108 (W.D. Mich.) ("*Raab I*"). Plaintiff attempts to distinguish the two complaints by noting that, in *Raab I*, he sued the two Defendants in their official capacities, and in this suit, he sues them in their personal capacities.

In *Raab I*, Plaintiff indicated he was suing the Defendants in their official capacities; however, because those claims necessarily failed, the Court construed Plaintiff's allegations liberally and considered Plaintiff's allegations as if he was suing the Defendants in their respective personal capacities. Plaintiff's claim against Defendant Blubaugh in his official capacity was a claim against the State of Michigan. The Michigan courts operate as arms of the state and are entitled to the same sovereign immunity as the State of Michigan. *Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 762-64 (6th Cir. 2010). Plaintiff sought only damages in his official capacity claim against Defendant Blubaugh; therefore, his official capacity claim was barred by sovereign immunity.

Plaintiff's official capacity claim against Defendant McLeod fared no better. Defendant McLeod acted on behalf of the Chippewa County, Mackinac County, and Luce County Sheriff's Department in obtaining the warrant. A claim against McLeod in his official capacity was a claim against those municipalities. Municipalities do not enjoy sovereign immunity from civil rights claims; however, they are liable only to the extent a municipal policy or custom caused the injury. *Los Angeles Cty. v. Humphries*, 562 U.S. 29, 35-37 (2010) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Accordingly, Plaintiff was required to identify the policy, connect the policy to the governmental entity and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving,* 330 F.3d 802, 815 (6th Cir. 2003). Plaintiff never identified any policy or

custom. His claim simply alleged that Defendant McLeod, acting individually, committed the allegedly wrongful acts.

In considering Plaintiff's claims in *Raab I*, the Court also considered them as claims against the Defendants personally. The Court dismissed Plaintiff's personal capacity claim against Defendant Blubaugh because Blubaugh was entitled to absolute jurisdictional immunity. The Court stayed Plaintiff's personal capacity claim against Defendant McLeod under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37, 44-45 (1971). Accordingly, Plaintiff's present complaint adds literally nothing to his prior suit.

Plaintiffs generally have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977). Accordingly, as part of its inherent power to administer its docket, a district court may dismiss a suit that is duplicative of another federal court suit. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Adams v. California Dep't of Health Serv.*, 487 F.3d 684, 688 (9th Cir. 2007); *Missouri v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953-54 (8th Cir. 2001); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138-39 (2d Cir. 2000); *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997). The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation," *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952), and protect parties from "the vexation of concurrent litigation over the same subject matter." *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991).

In addition, courts have held that an *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be dismissed under 28 U.S.C. § 1915(e)(2)(i) as frivolous or malicious. *See*, *e.g., Belser v. Washington*, No. 16-2634, 2017 WL 5664908, at *2

(6th Cir. Sept. 13, 2017) ("A duplicative action is also subject to dismissal for frivolity under § 1915(e) . . . ."); *McWilliams v. Colorado.*, 121 F.3d 573, 574 (10th Cir. 1997) (holding that repetitious litigation of virtually identical causes of action may be dismissed under the *in forma pauperis* statute as frivolous or malicious); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (noting that an action may be dismissed as frivolous under 28 U.S.C. § 1915 when the complaint "merely repeats pending or previously litigated claims); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993) (finding that it is "malicious" for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (holding that it was appropriate to dismiss an *in forma pauperis* civil rights suit by prison inmate where suit was duplicative of facts and allegations made in previously dismissed suit, and merely named a different defendant whose actions formed a partial basis for the previous suit); *Risley v. Hawk*, 918 F. Supp. 18, 22 (D.D.C. 1996) (holding that the district court may dismiss an *in forma pauperis* action where the complaint duplicates the allegations of other pending or previously filed litigation, even where the previously filed actions were filed in different districts); *Hahn v. Tarnow*, No. 06-cv-12814, 2006 WL 2160934, at *3 (E.D. Mich. July 31, 2006).[1]

A complaint is duplicative and subject to dismissal if the claims, parties and available relief do not significantly differ from an earlier-filed action. *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). Although complaints may not "significantly differ," they need not be identical. Courts focus on the substance of the complaint. *See*, *e.g. Bailey*, 846 F.2d at 1021 (holding that a complaint was duplicative although different defendants

---

[1] Prior to April 26, 1996, the provisions in § 1915(e)(2) were set forth at 28 U.S.C. § 1915(d). Thus, *Cato*, *Pittman* and *Bailey* were decided under § 1915(d).

4

were named because it "repeat[ed] the same factual allegations" asserted in the earlier case). Here, the complaint is identical. This sort of conduct unnecessarily multiplies proceedings and wastes judicial resources.

Accordingly, the Court concludes that the present complaint is duplicative. Therefore, pursuant to the Court's inherent power and 28 U.S.C. § 1915(e)(2)(i), the complaint will be dismissed on the grounds that it is duplicative and frivolous.

### **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.

Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:   January 10, 2020                    /s/ Paul L. Maloney
                                                               Paul L. Maloney
                                                               United States District Judge